UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HANSEL DEBARTOLO and the H.M. DEBARTOLO, JR. M.D., S.C. PENSION PLAN AND TRUST,<br><br>Plaintiffs,<br><br>v.<br><br>HEALTHSOUTH CORPORATION, SURGICARE of JOLIET, INCORPORATED, and JOLIET SURGICAL CENTER LIMITED PARTNERSHIP,<br><br>Defendants. | No. 06 C 2542<br>Judge James B. Zagel |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Hansel Debartolo and the H.M. Debartolo, Jr. M.D., S.C. Pension Plan and Trust (collectively, "Debartolo"), have filed a claim for declaratory judgment and injunctive relief against Defendants HealthSouth Corporation, Surgicare of Joliet, Inc. and Joliet Surgery Center Limited Partnership (collectively, "HealthSouth"), alleging a violation of the Medicare anti-kickback statute and seeking to void an amendment in the limited partnership agreement. HealthSouth has now filed a motion to dismiss, arguing that the anti-kickback statute does not provide a private right of action that would allow Debartolo to obtain the requested relief. For the following reasons, HealthSouth's motion is granted.

**FACTS**

For the purposes of this motion the facts are as follows. HealthSouth Corporation, through its subsidiary, is the majority owner of the Joliet Surgical Center (the "JSC"), a licensed ambulatory surgical center. Debartolo has been a limited partner in the Joliet Surgery Center

Limited Partnership ("JSCLP") for 25 years, and had privileges to perform surgical procedures at the JSC from 1981 to 2001. In 2000, the JSC did not grant Debartolo time to perform procedures and, as a result, his privileges lapsed in 2001. Debartolo did not seek to renew his privileges.

Although the partnership agreement did not originally contain a provision permitting the forced redemption of a limited partner's units, an amendment which added this provision came into effect on July 28, 2004. Through the amendment, the JSCLP sought to ensure compliance with the safe harbor provision of the Medicare anti-kickback statute, 42 U.S.C. § 1320(a)-7b. The statute provides, in part, that a person is guilty of a felony if he or she:

> knowingly and willfully solicits or receives any remuneration (including any kickback, bribe, or rebate) directly or indirectly, overtly or covertly, in cash or in kind—
> (A) in return for referring an individual to a person for the furnishing or arranging for the furnishing of any item or service for which payment may be made in whole or in part under a Federal health care program . . . .

*Id*. The safe harbor provision Defendants sought to comply with provides an exception.

> If all of the investors are physicians who are in a position to refer patients directly to the entity and perform procedures on such referred patients; group practices, as defined in this paragraph, composed exclusively of such physicians; or investors who are not employed by the entity or by any investor, are not in a position to provide items or services to the entity or any of its investors, and are not in a position to make or influence referrals directly or indirectly to the entity or any of its investors, all of the following seven standards must be met–
> (i) The terms on which an investment interest is offered to an investor must not be related to the previous or expected volume of referrals, services furnished, or business otherwise generated from that investor to the entity;
> (ii) At least one-third of each physician investor's medical practice income from all sources for the previous fiscal year or previous 12-months period must be derived from the physician's performance of procedures (as defined in this paragraph);

> (iii) At least one-third of each physician investor's medical practice income from all sources for the previous fiscal year or previous 12-month period must be performed at the investment entity. . . .

42 C.F.R. § 1001.952(r)(3).

The partnership amendment in dispute includes a section which requires that all limited partners certify annually that one-third of his or her medical practice income is derived from performing outpatient surgical procedures, and that these procedures are conducted at the JSC. Another section provides for the forced redemption of a limited partner's units in the event that the limited partner no longer uses the JSC as an extension of his or her medical practice. Debartolo received a letter requesting that he complete his certification in the spring of 2005. He did not return the certification, as he no longer had privileges to perform procedures at the JSC. In January of 2006, Debartolo received a check and a letter informing him that the JSCLP had purchased his units. Debartolo rejected the offer and returned the check. Shortly thereafter, he requested to be placed on the surgical schedule and was told to submit a credentialing application. After submitting the application, Debartolo requested nullification of the buyback of his units. Debartolo received a letter from HealthSouth stating that he had not met the requirements for limited partners and denying his request to nullify the buyback.

On May 3, 2006, after HealthSouth denied Debartolo's request, Debartolo filed suit against HealthSouth seeking declaratory and injunctive relief. Plaintiffs allege two counts, (1) that the amendment be declared void because it violates the anti-kickback statute, and (2) that Defendants be enjoined from performing the forced buyback of Debartolo's units of the JSCLP. On June 29, 2006, Defendants filed this motion to dismiss.

**STANDARD**

A motion to dismiss tests the sufficiency of a complaint, not the merits of a case. *Autry v. Northwest Premium Servs., Inc.*, 144 F.3d 1037, 1039 (7th Cir. 1998). I should grant HealthSouth's motion to dismiss only if Debartolo cannot prove any set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Furthermore, I must accept all well-pleaded factual allegations in the Complaint as true, drawing all reasonable inferences from those facts in Debartolo's favor. *Cleveland v. Rotman*, 297 F.3d 569, 571 (7th Cir. 2002). I may grant HealthSouth's motion only if "no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

**ANALYSIS**

Defendants argue that the statute does not provide a private right of action for Debartolo to void the amendment. As a result, he does not have standing to sue. In *West Allis Mem'l Hosp., Inc. v. Bowen*, the Seventh Circuit held that there was no private right of action under a prior version of the statute because Congress intended for the government to handle enforcement, not private parties. 852 F.2d 251, 255 (7th Cir. 1988). *See also*, *United States ex rel. Barrett v. Columbia/HCA Healthcare Corp.*, 251 F. Supp. 2d 28, 37 (D.D.C. 2003).

Debartolo argues that he does have standing because HealthSouth is attempting to enforce the amendment against him. So, even if the statute lacks a private right of action, that omission is irrelevant because the case involves an amendment that violates a federal statute and any contract for the performance of an illegal act is void and unenforceable. According to him, by forcing redemption HealthSouth punishes partners who no longer refer patients to the center.

4

In support of his argument, Debartolo cites *Zimmer, Inc. v. Nu Tech Med., Inc.*, 54 F. Supp. 2d 850 (N.D. Ind. 1999), in which the court considered a contractual claim between private parties under the Anti-Kickback statute and held that an agreement between a manufacturer and a supplier was illegal and thus unenforceable. Further, he cites *Modern Med. Labs., Inc. v. Smith-Kline Beecham Clinical Labs., Inc.*, in which the plaintiff sued the defendant drug manufacturer for breach of contract after the manufacturer informed the plaintiff that it would not perform the agreement because the agreement violated the anti-kickback provision. No. 92 C 5302, 1994 U.S. Dist. LEXIS 11525 (N.D. Ill. 1994).

In the motion and the response, both parties have conflated the issues of standing and implied causes of action. Whether or not a plaintiff has standing to pursue an action is distinct from whether or not that plaintiff has a cause of action. "The concept of a 'cause of action' is employed specifically to determine who may judicially enforce the statutory rights or obligations." *Davis v. Passman*, 442 U.S. 228, 239 (1979). "[It] is a question of whether a particular plaintiff is a member of the class of litigants that may . . . appropriately invoke the power of the court." *Id*. at 239 n.18.[1] On the other hand, when considering standing the court is determining whether the plaintiff has "alleged such a personal stake in the outcome of the controversy as to assure . . . concrete adverseness . . . ." *Id*. (citing *Baker v. Carr*, 369 U.S. 186, 204 (1962)). I will address the two issues separately.

---

[1] A private "right of action" refers to the same concept as a "cause of action," as defined by the *Davis* Court. Both terms identify whether a plaintiff has the right to enforce a statute.

**STANDING**

Standing is a threshold question in all federal cases. "The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing the required elements of standing." *Lee v. City of Chicago*, 330 F.3d 456, 468 (7th Cir. 2003). Every plaintiff must have a sufficient personal stake in the outcome to "warrant his invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers . . . ." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). This means that a plaintiff must personally suffer "some threatened or actual injury resulting from the putatively illegal action . . . ." *Linda R. S. v. Richard D.*, 410 U.S. 614, 617 (1973).

Standing has three elements. First, the plaintiff must have suffered an "injury in fact." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). This means that the invasion of the plaintiff's legally protected interest must be concrete and particularized, as well as actual or imminent. *Id*. An injury that is only "'conjectural' or 'hypothetical'" is not enough. *Id*. Next, "there must be a causal connection between the injury and the conduct complained of." *Id*. In other words, the plaintiff must be able to fairly trace the injury back to the defendant's actions, rather than the "independent action of some third party not before the court." *Id*. (citation ommitted). Lastly, "it must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision'" *Id*. at 561 (citation omitted).

Under the standard the Court articulated in *Lujan*, Debartolo certainly has standing to pursue this case. Debartolo is suing Defendants because he personally owned shares in the JSCLP. Those shares have already been liquidated and he is suing to stop or reverse that process because he believes that HealthSouth's actions were improper. HealthSouth's actions would be

6

an actual invasion of his concrete, particularized interest in the JSCLP. His injury is directly traceable to Defendant's actions and could be redressed if I render a favorable decision.

**PRIVATE RIGHT OF ACTION**

Although Debartolo would have standing to pursue the case, he does not have a private right of action to enforce the statute. The factors I must take into account when deciding whether or not a statute establishes a private right of action include: 1) whether Debartolo is a member of the class meant to be protected; 2) whether there is any legislative intent to either create or deny such a remedy; 3) whether it would be consistent with the legislative intent to imply a remedy for the plaintiff; and 4) whether the cause of action in question is one that is traditionally relegated to state law. *West Allis*, 852 F.2d at 255 (citing *Cort v. Ash*, 422 U.S. 66, 78 (1975)). Although *West Allis* dealt with an effort by a third party to enforce the statute, the Seventh Circuit's reasoning and final conclusion also apply in this case.

The statute's purpose is to protect the federal health care system from abuse. Debartolo is a physician investor, thus he is not a member of the class meant to be protected by the statute. As for the legislative intent, unless "congressional intent can be inferred from the language of the statute, the statutory structure, or some other source, the essential predicate for implication of a private remedy simply does not exist." *Northwest Airlines, Inc. v. Transport Workers Union*, 451 U.S. 77, 94 (1981). Debartolo has not suggested that I can make any such inference.

It is "an 'elemental canon' of statutory construction that where a statute expressly provides a remedy, courts must be especially reluctant to provide additional remedies. In such cases, '[i]n the absence of strong indicia of contrary congressional intent, we are compelled to conclude that Congress provided precisely the remedies it considered appropriate.'" *Karahalios*

*v. National Federation of Federal Employees, Local 1263*, 489 U.S. 527, 533 (1989) (alteration in original) (citations omitted). Nothing in the language of the statute implies a private cause of action; the title of the statute even states its purpose as, "Criminal penalties for acts involving Federal health care programs." 42 U.S.C. § 1320a-7b. Congress could have given private parties a right to enforce, but instead limited the statutory remedies to criminal penalties, thus a cause of action cannot be implied. As a result, there is no private cause of action for Debartolo to pursue.

**THE EFFECT OF THE DECLARATORY JUDGMENT ACT**

**Private Cause of Action**

The next question that must be answered is whether Debartolo is correct that the lack of a private cause of action is irrelevant in this matter. This case's unique posture under the Declaratory Judgment Act, 28 U.S.C. § 2201, (the "Act") is the source of the confusion. The purpose of the Act is "to avoid accrual of avoidable damages to one not certain of his rights and to afford him an early adjudication, without waiting until his adversary should see fit to begin suit." *Nucor Corp. v. Aceros Y Maquilas de Occidente, S.A. de C.V.*, 28 F.3d 572, 577-78 (7th Cir. 1994) (citations omitted). According to Debartolo, a plaintiff seeking a declaratory judgment on the legality of an agreement does not need a private cause of action. He is incorrect.

In *Williams v. Nat'l Sch. of Health Tech., Inc.*, the plaintiff argued that the Declaratory Judgment Act allowed her claim to proceed despite the fact that there was no private cause of action under the Higher Education Act. 836 F. Supp. 273 (E.D. Pa. 1993). The court rejected this argument, stating that since there was no private cause of action under the statute, permitting plaintiffs to continue with the declaratory judgment action using the HEA statute would be

8

"tantamount to allowing a private cause of action." *Id*. at 281. "The Declaratory Judgment Act cannot be used to circumvent the enforcement mechanism which Congress established." *Id*.

Similarly, in *Catholic Charities of Me., Inc. v. City of Portland*, the court rejected the idea that the declaratory judgment act could overcome the lack of private cause of action under the Housing and Community Development Act. 304 F. Supp. 2d 77, 93 (D. Me. 2004). The court stated that "a declaratory judgment action using the HCDA as the source of the underlying substantive law is tantamount to a private cause of action . . . forbidden by the First Circuit." *Id*.

Much like in *Williams* and *Catholic Charities*, permitting Debartolo to continue with the claim in this case under the Anti-Kickback statute by using the Declaratory Judgment Act would be equivalent to allowing a private cause of action where one does not exist. Debartolo cannot use the Declaratory Judgment Act to circumvent the provisions of the statute.

Both of the cases Debartolo cites to support his argument are distinguishable. In *Modern Med. Labs* it was the defendant that raised the Anti-Kickback statute as a defense to the claim. 1994 U.S. Dist. LEXIS 11525, at *2. Those facts are inapplicable here because the positions of the parties are different. A defendant is allowed to use a statute as a defense. When a statute makes an act illegal, contracts for the performance of that act are deemed void and unenforceable as a matter of public policy. *U.S. Nursing Corp. v. Saint Joseph Med. Ctr.*, 39 F.3d 790, 792 (7th Cir. 1994). There is no issue of whether the plaintiff in *Modern Med. Labs* has a private cause of action because it was pursuing a breach of contract claim.

The relative positions of the parties in *Zimmer* are more similar to those in this case. However, the *Zimmer* court did not address the issue of whether a private cause of action existed. *Zimmer*, 54 F. Supp. 2d 850. Therefore it does not justify allowing this case to continue.

**Federal Jurisdiction**

In addition to the lack of a private cause of action, there are also possible jurisdictional issues in this case. "[J]urisdiction is a question of whether a federal court has the power, under the Constitution or laws of the United States, to hear a case." *Davis*, 442 U.S. at 239 n.18. By asserting a violation of the Anti-Kickback statute, Debartolo seeks to invoke federal question jurisdiction under 28 U.S.C. § 1331. However, this is a declaratory judgment action and in determining jurisdiction in such actions the "court must proceed with the knowledge that 'in many actions for declaratory judgment, the realistic position of the parties is reversed.'" *Crown Cork & Seal Co. v. Pennsylvania Human Relations Comm'n*, 463 F. Supp. 120, 124 (E.D. Pa.. 1979) (quoting *Public Service Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 248 (1952)).

Whenever a plaintiff in a declaratory judgment action seeks to prevent an expected suit by the defendant, "the jurisdiction of the district court depends on whether the court would have jurisdiction over that [expected] suit." *Primax Recoveries, Inc. v. Sevilla*, 324 F.3d 544, 548 (7th Cir. 2003) (citations omitted). In such cases the character of the nominal defendant's expected action – not the nominal plaintiff's defense – is what determines whether federal-question jurisdiction exists in the district court. *Crown Cork*, 463 F. Supp. at 124. If the threatened action does not involve a federal law claim "it is doubtful if a federal court may entertain an action for a declaratory judgment establishing a defense to that claim." *Id*. The Declaratory Judgment Act does not expand the jurisdiction of the federal courts. *Id*.

If HealthSouth had brought an action against Debartolo to enforce the partnership agreement, there is no question that Debartolo would be allowed to defend the suit by claiming that the amendment is void and unenforceable under the very same statute he uses in this case.

10

As I already noted, when a statute makes an act illegal, contracts for the performance of that act are deemed void and unenforceable as a matter of public policy. *U.S. Nursing*, 39 F.3d at 792 (7th Cir. 1994). However, based on the information in this complaint, it is questionable that a complaint by HealthSouth could be brought in federal court.

Federal question jurisdiction in this action is supposedly based on the Anti-Kickback statute, but if HealthSouth were the protagonist, Debartolo would only be using the statute as a defense. A claim by HealthSouth would likely be a contract claim to enforce the terms of the JSCLP partnership agreement. The Supreme Court has refused to find federal question jurisdiction in cases where the federal issue arises as a defense to what would otherwise be a state law claim. *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). In addition, it seems that diversity jurisdiction would not exist because (according to Debartolo's Complaint) Debartolo is a citizen of Illinois, HealthSouth is a Delaware Corporation with a registered agent in Illinois, Surgicare is an Illinois corporation and the JSCLP is an Illinois partnership. Thus, the present claim may lack the requisite complete diversity that it needs in order for jurisdiction to be based on diversity of the parties. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

**CONCLUSION**

I find that the Medicare anti-kickback statute does not provide a requisite private cause of action upon which Debartolo may base his claim. HealthSouth's motion to dismiss is granted.

ENTER:

*James B. Zagel*

James B. Zagel
United States District Judge

DATE: October 17, 2006